IN THE MATTER OF JOHN A. BALDINO, AN ATTORNEY AT LAW.

Argued March 3, 1987—Decided April 3, 1987.

---

*John J. Janasie,* Deputy Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*Michael D'Alessio, Jr.* argued the cause for respondent.

PER CURIAM.

Respondent, John A. Baldino, was convicted by a jury in May 1982 of conspiracy to commit official misconduct and receive compensation for past official behavior. See *N.J.S.A.* 2C:5–2, 2C:30–2, and 2C:27–4. He was suspended from the practice of law in September 1982. *Cf. R.* 1:20–6 (effective February 15, 1984, and providing for automatic temporary suspension of lawyer convicted of, *inter alia,* conspiracy to commit "serious crime" as defined in Rule). Thereafter respondent was charged in a formal ethics complaint, and at the conclusion of proceedings at the local level the District V–C (Essex County) Ethics Committee filed a presentment in which it recommended public discipline. The Disciplinary Review Board (DRB) reviewed the complete record, conducted a hearing in which respondent participated through his counsel, and unanimously recommended that respondent be disbarred.

Baldino's scheme, well documented in the record and explained at length in the DRB's Decision and Recommendation, need be given here only the most cursory description. In essence it involved a client, Frajkor, who, while serving on a

state grand jury, was arrested and charged with gambling violations. Baldino advised Frajkor to continue his grand jury service and to vote to indict the target of the investigation, after which Frajkor should solicit $20,000 from the person named in the indictment or his attorney in exchange for the information that Frajkor was himself under criminal charges at the time he voted to indict. The benefit to the indicted defendant would be a dismissal or at least a delay of his trial. Frajkor reported the scheme to the Division of Criminal Justice, whereupon he was dismissed from the grand jury. He was then "wired" for the purpose of recording subsequent conversations with Baldino, which conversations spelled out in detail the arrangement between Frajkor and Baldino. In due course Baldino was indicted and convicted.

Respondent resists disbarment on the ground that he was "naive" in his reaction to Frajkor's criminal problems, and that in any event the incriminating conversations were nothing but "puffing," as demonstrated by the fact that the nefarious scheme was never sought to be implemented. The claim of naivete lacks the ring of truth. As the DRB observed,

[r]espondent was admitted to the bar in 1976 and prior to that had served as a municipal patrolman for about a year. Respondent's misconduct, however, was not one of incompetence or lack of diligence which inexperience might excuse. His misconduct involved dishonesty, fraud, and deceit. The nature of the misconduct substantially outweighs any mitigating factors.

Nor are we impressed by respondent's claim that he had no intention of violating the law. Again as the DRB pointed out, the fact is that Baldino's conduct "was calculated to demean the bar and bring it into disrepute. It would suggest to the public that corruption exists within the legal profession and taints the judicial process." *In re Greenberg*, 80 *N.J.* 503, 504 (1979).

Respondent's conduct gave the appearance of striking at the heart of the criminal justice system. It would lead any member of the public to believe that the grand jury system could be subverted. As the DRB so well put it, "[f]or an attorney, an officer of the court, even to suggest such misconduct is unpardonable."

We agree. Our independent review of the record leads us to the same conclusion as that achieved by the DRB: respondent has been convicted of a crime arising out of his practice of law and involving the administration of justice, for which the only appropriate discipline is disbarment. This ethics proceeding is not burdened with any of the concerns of *In re Verdiramo*, 96 *N.J.* 183 (1984), for the Court has not hesitated to disbar on account of convictions similar to the one before us. *E.g., In re Tuso*, 104 *N.J.* 59 (1986) (respondent disbarred, based on convictions for conspiracy to commit bribery and solicitation of misconduct and two counts of offering a bribe).

Respondent is disbarred. In addition, he is to reimburse the Ethics Financial Committee for costs, including but not limited to the costs of transcripts.

So ordered.

## ORDER

It is ORDERED that JOHN A. BALDINO of NEWARK, who was admitted to the bar of this State in 1976, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that JOHN A. BALDINO be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that JOHN A. BALDINO reimburse the Ethics Financial Committee for costs, including but not limited to the costs of transcripts; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys.

*For disbarment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.